1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LAWRENCE CARLTON SMITH,        ) NO. CV 17-6019-BRO(E)
                                   )
12             Plaintiff,          )
                                   )
13        v.                       ) ORDER DISMISSING COMPLAINT
                                   )
14  (CC-1) SMITH, et al.,          ) WITH LEAVE TO AMEND
                                   )
15             Defendants.         )
                                   )
16  _____)

17

18        For the reasons discussed below, the Complaint is dismissed with

19  leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

20

21                           **BACKGROUND**

22

23        Plaintiff, a state prisoner incarcerated at the California State

24  Prison, Los Angeles at Lancaster, California ("CSP-LA"), filed this

25  civil rights action on August 14, 2017.  Defendants are three CSP-LA

26  prison officials: Correctional Counselor Smith, Correctional Officer

27  Diaz and Correctional Officer Dixon.  All three Defendants are sued in

28  their individual capacities.

Plaintiff alleges that, on November 30, 2016, as Plaintiff was leaving Defendant Smith's office, Smith assertedly "lost his composure" and followed Plaintiff to Plaintiff's cell (Complaint, p. 5). Defendant Diaz allegedly opened the cell door (id.). Plaintiff alleges that, after Plaintiff entered the cell, Defendant Smith kicked the cell door, assertedly causing the door to hit Plaintiff's ankle (id.). Defendant Smith allegedly exhibited a "hostile attitude" (Complaint, Ex. A). Upon Defendant Smith's departure from the cell, Plaintiff allegedly began screaming in pain and calling "Man Down!" (Complaint, p. 5). Defendant Diaz allegedly asked what the problem was, and Plaintiff assertedly shouted a description of the alleged incident (id.). Defendant Diaz allegedly said she would call the clinic but assertedly never did so (id.). Defendant Diaz allegedly informed Defendant Dixon about the incident (id.). Dixon or Diaz (it is unclear which) allegedly turned his or her eyeglasses upside down in imitation of Plaintiff's manner of wearing glasses, thereby allegedly exhibiting deliberate indifference (Complaint, handwritten attachment). Defendant Dixon allegedly failed to report the incident or to provide medical treatment (Complaint, p. 3 & handwritten attachment).

Approximately four and a half hours after the alleged assault, Plaintiff assertedly received medical attention (Complaint, handwritten attachment). A nurse allegedly gave Plaintiff an ice-pack and pain medication (id.). An x-ray allegedly revealed that nothing was broken, but Plaintiff's ankle assertedly was still swollen (id.).

///

///

1     Plaintiff contends that Defendant Smith subjected Plaintiff to

2 excessive force. Plaintiff also apparently contends that Defendants

3 Diaz and Dixon violated a prison regulation requiring correctional

4 officials to report instances of excessive force. Plaintiff seeks

5 damages from Defendant Smith for allegedly excessive force and damages

6 from Defendants Diaz and Dixon "for staff negligence or . . .

7 deliberate indifference by not reporting the incident when force was

8 used against [Plaintiff's] person" (id., p. 6).

9

10                                   **DISCUSSION**

11

12     To the extent the Complaint alleges a violation of state law or

13 prison regulations, the Complaint fails to state a section 1983 claim.

14 It is axiomatic that, to state a claim under 42 U.S.C. section 1983,

15 the plaintiff must allege a violation of a right secured by the

16 constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535

17 (1982), overruled on other grounds, Daniels v. Williams, 474 U.S. 327

18 (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert.

19 denied, 478 U.S. 1020 (1986). Mere allegations of state law

20 violations do not suffice to plead a section 1983 claim. See Cornejo

21 v. County of San Diego, 504 F.3d 853, 855 n.2 (9th Cir. 2007) ("a

22 claim for violation of state law is not cognizable under § 1983")

23 (citation omitted); Lowell v. Poway Unif. Sch. Dist., 90 F.3d 367,

24 370-71 (9th Cir. 1996) ("To the extent that the violation of a state

25 law amounts to the deprivation of a state-created interest that

26 reaches beyond that guaranteed by the federal Constitution, Section

27 1983 offers no redress"; citation omitted).

28 ///

1    Plaintiff appears to allege that Defendants Diaz and Dixon failed

2    to secure medical treatment for Plaintiff following the alleged

3    assault.  Prison officials can violate the Constitution if they are

4    "deliberately indifferent" to an inmate's serious medical needs.  See

5    Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429

6    U.S. 97, 104 (1976).  To be liable for "deliberate indifference," a

7    jail official must "both be aware of facts from which the inference

8    could be drawn that a substantial risk of serious harm exists, and he

9    must also draw the inference."  Farmer v. Brennan, 511 U.S. at 837.

10   "[A]n official's failure to alleviate a significant risk that he

11   should have perceived but did not, while no cause for commendation,

12   cannot . . . be condemned as the infliction of punishment."  Id. at

13   838.  Allegations of negligence do not suffice.  Estelle v. Gamble,

14   429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.

15   2000) (en banc).  Thus, inadequate treatment due to accident, mistake,

16   inadvertence, or even gross negligence does not amount to a

17   constitutional violation.  Estelle v. Gamble, 429 U.S. at 105-06;

18   Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  "[A]n

19   official's failure to alleviate a significant risk that he should have

20   perceived but did not, while no cause for commendation, cannot . . .

21   be condemned as the infliction of punishment."  Farmer v. Brennan, 511

22   U.S. at 838.

23

24       Under these standards, Plaintiff's claims for negligence are

25   insufficient.  Furthermore, Plaintiff alleges no facts showing that

26   Diaz or Defendant Dixon knew of and subjectively disregarded a serious

27   risk of harm to Plaintiff.  Although Plaintiff alleges that Diaz

28   assertedly witnessed the incident and supposedly failed to fulfil an

                                      4

alleged promise to obtain help for Plaintiff, Plaintiff does not allege any facts showing Diaz subjectively was aware of any risk of serious harm to Plaintiff from the purported door-kicking incident. Plaintiff's claims against Dixon are conclusory and hence insufficient.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### CONCLUSION AND ORDER

The Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint.  While the Court does not necessarily deem insufficient all of Plaintiff's allegations, the Court does require that any First Amended Complaint be complete in itself and not refer in any manner to the prior Complaint.  Plaintiff may not add Defendants without leave of court.  See Fed. R. Civ. P. 21.  Failure to file timely a First Amended Complaint may result in the dismissal of this action.

DATED: _____8. 3/. 17_____, 2017.


                                    _____
                                    BEVERLY REID O'CONNELL
                                    UNITED STATES DISTRICT JUDGE

PRESENTED this 30th day of

August, 2017, by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

5